ANDREA T. MARTINEZ, United States Attorney (#9313)
TRINA A. HIGGINS, Assistant United States Attorney (#7349)
MELINA SHIRALDI, Assistant United States Attorney (#13110)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, vs. MICHAEL EARL YELLOW, Defendant. | Case No. 2: 18-cr-00470-CW<br><br>**STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT**<br><br>Judge Clark Waddoups |
|---|---|

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.  As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts One, Two, and Three of the Indictment. (ECF 1). My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove to convict me.

The elements of Count One, 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm are:

> (a) Knowing I had previously been convicted of a crime punishable by imprisonment for a term exceeding one year;
>
> (b) I knowingly possessed a firearm and ammunition; and
>
> (c) The firearm and ammunition were in and affecting commerce.

The elements of Counts Two and Three, 16 U.S.C. § 668(a) – Unauthorized Taking of an Eagle:

    (a) I knowingly and with a wanton disregard for the consequences of my actions, did take and possess bald and golden eagles, dead and alive, and their parts;

    (b) I knew that taking or possessing bald and golden eagles, and their parts, without a permit, was unlawful.

2. I know that the maximum possible penalty provided by law for Count One of the Indictment, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of ten (10) years, a term of supervised release of three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count Two of the Indictment, a violation of 16 U.S.C. § 668(a), is a term of imprisonment of up to one (1) year for the first conviction, a fine of $2,500.00, a term of supervised release of 1 year, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

I know that the maximum possible penalty provided by law for Count Three of the Indictment, a violation of 16 U.S.C. § 668(a), is a term of imprisonment of two (2) years for a second or subsequent conviction, a fine of $10,000, a term of supervised release of one year, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a. Additionally, I know the Court is required to impose an assessment in the amount of $100.00 for each felony offense of conviction and $25.00 for each misdemeanor offense of conviction, pursuant to 18 U.S.C. § 3013.

    b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

   b. I have a right to see and observe the witnesses who testify against me.

   c. My attorney can cross-examine all witnesses who testify against me.

   d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

   e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

   f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

   g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

   h. It requires a unanimous verdict of a jury to convict me.

   i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, I fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.]

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

   a. Between on or about August 1, 2014 and August 17, 2015, in the District of Utah, I knowingly and intentionally possessed a firearm and ammunition.

   b. More specifically, during that time, I possessed a Mossberg 702 Plinkster .22 caliber long rifle, and its associated ammunition.

   c. I knew I had previously been convicted of felony offenses, which were punishable by imprisonment for more than one year when I possessed the firearm and ammunition.

   d. I further acknowledge that the firearm was not manufactured in the state of Utah, and that my conduct violated 18 U.S.C. § 922(g)(1).

   e. Between on or about August 1, 2014 and August 17, 2015, in the District of Utah, I knowingly and with a wanton disregard for the consequences of my actions, did take or possess approximately 10 bald or golden eagles and their parts.

   f. During this time, I used a Mossberg 702 Plinkster .22 caliber long rifle, and its associated ammunition, to take these bald and golden eagles.

   g. I knew that taking or possessing these bald or golden eagles or their parts, without a permit, was unlawful.

   h. During this time, I knew I did not have a valid permit to take or possess the bald and golden eagles or their parts as required by law.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

   a. **Guilty Plea.** I will plead guilty to Counts One, Two, and Three of the Indictment.

   b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts Four through Eleven of the Indictment at the time of sentencing.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

d. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4)     I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5)     Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

f.  **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

g.  **Forfeiture.**

(1)     I agree to forfeit all property acquired from or traceable to my offenses and all property that was used, any firearm or ammunition that was involved in, or used in, or intended to be used to facilitate my offenses, including but not limited to, the following specific property:
- one black Mossberg .22 caliber rifle, SN: EDK153363;
- one Simmons 4x32 scope;
- two .22 caliber rifle magazines;
- one box of .22 caliber ammunition;
- six rounds of .22 caliber ammunition; and
- any other associated ammunition.

(2)     I agree to forfeit all bald or golden eagles, or parts, nests, or eggs thereof, taken, possessed, sold, purchased, bartered, offered for sale, purchase, or barter, transported, exported, or imported contrary to the provisions of Title 16, Chapter 5A, Subchapter II, or of any permit or regulation issued hereunder, and all guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid in the taking, possessing, selling, purchasing, bartering, offering for sale, purchase, or barter, transporting, exporting, or importing of any bird, or part, nest, or egg thereof, including but not limited to, the following specific property:

- four Golden Eagle carcasses; and
- assorted carcasses, bones, and feathers.

(3) I acknowledge that all property covered by this agreement is subject to forfeiture as property involved in illegal conduct giving rise to forfeiture.

(4) I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(5) I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(6) I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(7) I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*   \*   \*   \*

I make the following representations to the Court:

1. I am **54** years of age. My education consists of **2 years of college**. I **can** [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __15th__ day of __March__, 2022

_____ for
Michael Early Yellow
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this __15th__ day of __March__, 2022.

_____
Carlos A. Garcia
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 22 day of February, 2022.

ANDREA T. MARTINEZ
United States Attorney

/s/ Melina Shiraldi
Melina Shiraldi
Assistant United States Attorney